**Shroyer v. Shroyer**

*McCrea & McCrea,* for plaintiff.

SHUGHART, P. J., February 18, 1953.—The complaint in the above action in divorce was filed on September 3, 1952, and personally served upon defendant on September 17, 1952; on application of counsel for plaintiff, a master was appointed on October 1, 1952.

The Rules of Civil Procedure provide that a master may be appointed to hear the testimony "after the action is at issue": Pa. R. C. P. 1133(*a*).

The action is deemed at issue 20 days after defendant has been served personally, where no answer is filed: Pa. R. C. P. 1131(*b*).

It is apparent that the master was appointed prematurely in this case, since less than 20 days elapsed from the time defendant was served until the appointment was made.

We have heretofore discussed the effect of a premature appointment of a master. See Clendenning v. Clendenning, 2 Cumberland Law Journal 37, and authorities therein cited. We deem it unnecessary to repeat here what was stated therein.

Suffice it to say that no decree in divorce may be based on the report of the master which was filed.

Since more than 20 days have elapsed since the service was made, the action is now at issue; pursuant to Pa. R. C. P. 1133, we shall at this time appoint as master the member of the bar previously prematurely appointed, with directions to him to proceed with the taking of testimony after due and proper notice to defendant, as provided by rules of court.

In the event that defendant in this action shall not appear, it shall be unnecessary to record again the testimony taken in the prior hearing, but the same may be offered in evidence, at the new hearing, as previously recorded; however, should defendant appear in the action, then the testimony is to be taken de novo.